# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS H. L. BARFELL,<br><br>                  Plaintiff,<br>v.<br><br>WINNEBAGO COUNTY JAIL, DEPUTY BAUER, DEPUTY VERGUTZ, DEPUTY VENESS, SGT. DURANT, SGT. MANTHEY, W212, W114, DEPUTY FARR, DEPUTY SADOUSKA, LT. ROZEK, LT. LICHTENSTEIGER, DEPUTY MOON, W126, DEPUTY LEMMER, DEPUTY MATHWIG, DEPUTY ARCHER, W216, and DEPUTY STENSON,<br><br>                  Defendants. | Case No. 17-CV-1739-WED-JPS<br><br><br><br><br>**ORDER** |

      Plaintiff Thomas H. L. Barfell, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. This case is currently assigned to Magistrate Judge William E. Duffin. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Therefore, this matter is before this branch of the Court for the limited purpose of screening the amended complaint, (Docket #9) and resolving pending motions, (Docket #2, #10, #11, #12).

**1.**     **Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §

1915. The law allows an incarcerated plaintiff to proceed with his lawsuit without prepaying the filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. *Id.* § 1915(b). Once plaintiff pays the initial partial filing fee, the Court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prison trust account. *Id*.

On December 19, 2017, Magistrate Duffin waived the initial partial filing fee in this action because Plaintiff neither had the assets nor the means to pay it. (Docket #5). Magistrate Duffin ordered Plaintiff to notify the court by January 9, 2018 if he wanted to voluntarily dismiss the action to avoid the potential to incur a strike under Section 1915(g). Plaintiff did not voluntarily dismiss; therefore, the Court will grant his motion to proceed without prepayment of the filing fee and will screen his amended complaint.

**2.     Screening the Amended Complaint**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*,

490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and

then determine whether they plausibly give rise to an entitlement to relief." *Id.* The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff is an inmate at the Winnebago County Jail ("WCJ"). Defendants are: WCJ, Deputy Bauer, Deputy Vergutz, Deputy Veness, Sgt. Durrant, Sgt. Manthey, W212, W114, Deputy Farr, Deputy Sadouska, Lt. Rozek, Lt. Lichtensteiger, Deputy Moon, W126, Deputy Lemmer, Deputy Mathwig, Deputy Archer, W216, and Deputy Stenson.

Plaintiff's amended complaint includes numerous grievances against nineteen different defendants. The grievances range in topic from denial of use of the library, inadequate religious services, denial of a haircut for trial, issues with his mail—legal and personal, food trays sitting out in the kitchen too long, the phone use policy, the new "dayroom" policy, the temperature, and sleeping arrangements.

According to Plaintiff, between September 2017 and January 2018, he tried to file inmate grievances to resolve these issues and all of the named Defendants at one point or another denied him an inmate grievance form. Often times when Plaintiff asked for an inmate grievance form, Defendants would respond by saying that he did not need one because his complaint "isn't a grievable issue." (Docket #9 at 6). For relief, Plaintiff seeks a change in policy and monetary damages.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v.*

*County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

At the outset, the Court must dismiss WCJ as a defendant. A county jail is not a "person" subject to suit under Section 1983. *See Nawrocki v. Racine Cty. Jail*, No. 08-CV-96-BBC, 2008 WL 4417314, at *1 (W.D. Wis. Mar. 7, 2008) ("[A] building is not a proper party to a lawsuit brought under 42 U.S.C. § 1983.").

As to the other defendants, to state a valid access-to-courts claim, Plaintiff must allege that: (a) prison officials failed to help him prepare and file meaningful legal papers, and (b) that he lost a valid legal claim or defense because of the challenged conduct. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Plaintiff appears to identify a systemic problem at WCJ where inmates are not able to utilize the inmate grievance system to resolve problems. It appears that jail staff make determinations on whether or not a complaint is "grievable" prior to handing over an inmate grievance form, and inmates have no way to appeal a staff member's decision that a complaint is not "grievable." Inmates must exhaust administrative remedies prior to filing in federal court, and plaintiff's allegations suggest that he may have been denied the ability to exhaust, and therefore denied access to the courts. However, it is less clear whether Plaintiff has lost a valid legal claim or defense because of Defendants' conduct. It is possible that Plaintiff may have missed the statute of limitations on some of his claims because he was not able to exhaust administrative remedies, but that is not certain based solely on the pleadings.

Given the early juncture in this case and the liberal standard of review applied on screening, the Court will allow Plaintiff to proceed with

an access-to-courts claim against the named Defendants: Deputy Bauer, Deputy Vergutz, Deputy Veness, Sgt. Durrant, Sgt. Manthey, W212, W114, Deputy Farr, Deputy Sadouska, Lt. Rozek, Lt. Lichtensteiger, Deputy Moon, W126, Deputy Lemmer, Deputy Mathwig, Deputy Archer, W216, and Deputy Stenson. Plaintiff may not proceed with any other claims regarding the issues raised in his underlying grievances because they do not share common issues of fact or law. Fed. R. Civ. P. 20(a).

3.  **Plaintiff's Motion to Consolidate**

Plaintiff asks to consolidate this case with: (1) *Barfell v. Correctional Health Care Companies*, Case No. 17-CV-1365-WED-JPS (E.D. Wis.); and (2) *Barfell v. Aramark*, Case No. 17-CV-1567-WED-JPS (E.D. Wis.) because it will be less costly. *See* (Docket #11). Plaintiff cannot consolidate these lawsuits because they do not share common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Therefore, the Court will deny Plaintiff's motion to consolidate.

4.  **Plaintiff's Motion to Appoint Counsel**

Plaintiff also asks for Court-appointed counsel. (Docket #12). In a civil case, the Court has discretion to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). However, the litigant must first make reasonable efforts to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can satisfy this requirement by providing the Court with: (1) the attorneys' names, (2) the addresses, (3) the date and way the plaintiff attempted to contact them, and (4) the attorneys' responses.

Once the plaintiff makes reasonable attempts to hire counsel, the Court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to

coherently present it." *Navejar*, 718 F.3d at 696. The Court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff states that has made "repeated efforts to obtain a lawyer." (Docket #12). He appears to have written out the text of a letter he allegedly sent to attorneys requesting counsel. (Docket #12-1). As discussed above, Plaintiff must prove that he actually attempted to contact lawyers by providing the Court with the following information: (1) the attorneys' names, (2) the addresses, (3) the date and way he attempted to contact them, and (4) the attorneys' responses. Plaintiff has not satisfied this requirement. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Thus, Plaintiff must first do what is required of him before the Court will consider appointing counsel. Therefore, the Court will deny without prejudice Plaintiff's motion for the appointment of counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepayment of the filing fee (Docket #10) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that Plaintiff's motion to consolidate (Docket #11) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #12) be and the same is hereby **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that WCJ be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order on defendants Deputy Bauer, Deputy Vergutz, Deputy Veness, Sgt. Durrant, Sgt. Manthey, W212, W114, Deputy Farr, Deputy Sadouska, Lt. Rozek, Lt. Lichtensteiger, Deputy Moon, W126, Deputy Lemmer, Deputy Mathwig, Deputy Archer, W216, and Deputy Stenson under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for

making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Deputy Bauer, Deputy Vergutz, Deputy Veness, Sgt. Durrant, Sgt. Manthey, W212, W114, Deputy Farr, Deputy Sadouska, Lt. Rozek, Lt. Lichtensteiger, Deputy Moon, W126, Deputy Lemmer, Deputy Mathwig, Deputy Archer, W216, and Deputy Stenson shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the Court **RETURNS** this case to Magistrate Judge William E. Duffin for further proceedings;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions; and

**IT IS FURTHER ORDERED** that Plaintiff to mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge