UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS H.L. BARFELL,

        Plaintiff,

v.                                                                            Case No. 17-C-1739

DEPUTY BAUER, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Thomas Barfell filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Due to non-consent to magistrate judge jurisdiction, this case was transferred to this court on May 22, 2018. This matter comes before the court to screen Plaintiff's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Not only is the court permitted to *sua sponte* dismiss a complaint that fails to state a claim under § 1915A, it is required to do so. To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir.

2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff claims that from September 2017 to January 2018, he requested grievance slips to complain about a number of alleged injustices, including the denial of library use, inadequate religious services, the denial of a haircut for trial, complications with his legal and personal mail, food trays sitting in the kitchen too long, the phone use policy, the new dayroom policy, the temperature, and his sleeping arrangements. He alleges that each named defendants denied his request for a grievance form, indicating that his complaints were not "grievable issues." Plaintiff claims the defendants denied him access to the courts by preventing him from exhausting his administrative remedies.

Plaintiff's amended complaint fails to state an access to the courts claim based on the defendants' failure to provide him with grievance forms. As an initial matter, an inmate "has no Constitutional right to file grievances at the institution in which he is confined." *Perales v. Bowlin*, 644 F. Supp. 2d 1090, 1101 (N.D. Ind. 2009) (citation omitted); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430–31 (7th Cir. 1996) ("[A]ny right to a grievance procedure is a procedural right, not a substantive one."). In addition, the unavailability of administrative remedies does not prevent a potential litigant from bringing a claim in federal court. While the Prison Litigation Reform Act requires that prisoners exhaust all available administrative remedies before filing a lawsuit in federal court, 42 U.S.C. § 1997e(a), a plaintiff is relieved from his obligation to exhaust if he can establish that the administrative remedies were unavailable to him. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *see also Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) (noting that "exhaustion is not required when the prison officials responsible for providing grievance forms refuse

to give a prisoner the forms necessary to file an administrative grievance."). Accordingly, Plaintiff cannot proceed on this claim. As stated in the previous screening order, Plaintiff may not proceed with any other claims regarding the issues raised in his underlying grievances because they do not share common issues of fact or law. Fed. R. Civ. P. 20(a). *See* ECF No. 13 at 6.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this   29th   day of May, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court